IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN J. LYNGAAS, D.D.S., P.L.L.C., individually and on behalf of all others similarly-situated,<br><br>            Plaintiff,<br><br>   v.<br><br>IQVIA, INC.,<br><br>            Defendant. | Civil Action No. 20-2370<br><br>Hon. Nitza I. Quiñones Alejandro<br><br>PUTATIVE CLASS ACTION |

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO REOPEN THE
DEPOSITION OF DEFENDANT'S FORMER EMPLOYEE

Plaintiff Brian J. Lyngaas, D.D.S., P.L.L.C. ("Plaintiff"), by counsel and pursuant to Fed. R. Civ. P. 30(a)(2)(A)(ii), hereby moves to reopen the deposition of defendant IQVIA, Inc.'s ("Defendant") former employee, Jordan Ferguson, and to hold open discovery for limited purposes related thereto. In support thereof, Plaintiff states as follows.

INTRODUCTION

In this TCPA junk fax litigation, Mr. Ferguson was identified as one of Defendant's employees involved with the transmission of faxes at issue. He was deposed on September 1, 2021. On March 23, 2022, defense counsel disclosed that Mr. Ferguson's employment had been terminated, and that Mr. Ferguson informed Defendant that he "would not stand by his deposition testimony." Plaintiff's counsel then discovered that on March 22, 2022, Mr. Ferguson had posted the following statement on his LinkedIn page:



Plaintiff is entitled to take discovery to learn why Mr. Ferguson will "not stand by his deposition testimony" and what activities he undertook for his former boss that he is now questioning. To that end, Plaintiff requests that it be allowed to reopen Mr. Ferguson's deposition, and that discovery be left open for that purpose and to allow Plaintiff an opportunity to obtain relevant documents from Defendant and resolve any related discovery or privilege issues.

## BACKGROUND

This putative class action has been pending since May 20, 2020. At issue is whether Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., by sending fax advertisements to Plaintiff and others without prior express permission and without a compliant opt out notice. On September 21, 2020, Defendant served its answer and affirmative defenses to Plaintiff's class action complaint. ECF 8.

On October 20, 2020, the Court issued a scheduling order setting July 26, 2021, as the deadline for completing fact discovery. ECF 16. That deadline was subsequently extended. See ECF 31, 32, 34 and 39. On January 6, 2022, the Court granted the most recent extension, setting April 11, 2022, as the current deadline for fact discovery, and August 15, 2022, as the deadline for Plaintiff to file its class

certification motion. ECF 55. Discovery was left open solely for purposes of taking the deposition of the fax broadcaster, Odyssey Services, Inc. ("Odyssey") and conducting an inspection of Plaintiff's fax machine, and any further extensions would be granted only for "good cause." *Id.*

On September 1, 2021, Plaintiff deposed Defendant's then-employee Jordan Ferguson. In broad strokes, with respect to the faxes at issue, Mr. Ferguson testified that he used the online Odyssey platform to "queue up" fax templates and target lists, which is how the faxes at issue were transmitted to Plaintiff and the putative class. *See, e.g.*, Exhibit A, Ferguson Dep. Tr. 36:15-39:17 (submitted for filing under seal).[1] His deposition lasted approximately three hours, inclusive of breaks and technical issues arising from the remote proceeding.

On March 23, 2022, at 10:04 p.m., defense counsel advised:

> Jordan Ferguson is no longer employed by IQVIA. Following that decision, Mr. Ferguson informed IQVIA that he would not stand by his deposition testimony, and therefore IQVIA will not be relying on his testimony to support IQVIA's defenses in this action.

Exhibit B, declaration of counsel, ¶ 3.

Plaintiff's counsel then discovered that on March 22, 2022, Mr. Ferguson had posted the following statement on his LinkedIn page:

---

[1] Plaintiff has filed a motion for leave to file a copy of Mr. Ferguson's deposition transcript, without exhibits, under seal because it was designated by IQVIA as "Confidential - Attorneys Eyes Only." Plaintiff elected not to file the voluminous exhibits to the deposition, most or all of which were also designated as "Confidential-Attorneys Eyes Only" because they did not seem material for purposes of the present motion to reconvene, but Plaintiff will be more than happy to file them if the Court wishes to review them.

3



*Id.*, at ¶¶ 5-6.

On March 24, 2022, Plaintiff's counsel requested from defense counsel any documentation, including a privilege log, concerning Mr. Ferguson informing Defendant that he "would not stand by his deposition testimony," asked whether Defendant objects to Plaintiff's counsel communicating with Mr. Ferguson, and whether Defendant would agree to leave discovery open for the purpose of obtaining that documentation and resuming his deposition. *Id.*, at ¶ 4. Plaintiff's counsel has yet to receive a response to any of these inquiries.

On March 25, 2022, Plaintiff served Defendant with the notice of subpoena for documents and deposition directed to Mr. Ferguson that is attached hereto as <u>Exhibit C</u>. On March 26, 2022, a copy of that subpoena was served on Mr. Ferguson along with a check for witness fees pursuant to 28 U.S.C. § 1821. <u>Exhibit D</u>, affidavit of service. Mr. Ferguson's reconvened deposition and first document production is currently scheduled to occur in person on April 11, 2022, 16 days after he was served and the same day fact discovery is set to close. Exs. C-D; ECF 55. On March 29, 2022, Plaintiff also served Defendant with supplemental document requests seeking documents related to Mr. Ferguson's termination, disavowal of his testimony, and Defendant's decision to no longer rely on Mr. Ferguson's testimony. <u>Exhibit E</u>.

## ARGUMENT

Absent a stipulation between the parties, the Federal Rules of Civil Procedure require a party to obtain leave of court to take the deposition of a witness who has already been deposed in this matter. Fed. R. Civ. P. 30(a)(2)(A)(ii). Upon such a motion, the Court "**must** grant leave to the extent consistent with Rule 26(b)(1) and (2)." *Id.* (emphasis added). Rule 26(b)(1) permits a broad scope of discovery, allowing:

> discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). In turn, Rule 26(b)(2) provides:

> the court must limit the frequency or extent of discovery . . . if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2).

Finally, requests to modify discovery deadlines are generally governed by Fed. R. Civ. P. 16(b)(4), which requires a party seeking to modify the court's scheduling order to show "good cause" as to why such a request should be granted. Fed. R. Civ. P. 16(b)(4). *See also Faiella v. Sunbelt Rentals, Inc.*, No. 18-11383 (RMB/AMD), 2022 U.S. Dist. LEXIS 48392, at *4-5 (D.N.J. Mar. 18, 2022) (Rule 16 "provides courts with the 'discretion to manage the schedule of litigation'") (internal quotes and citations

omitted). "Good cause in this context is established when the party seeking the extension can show that the deadlines set forth in the scheduling order cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (internal quotes and citations omitted).

Good cause may also be satisfied if the movant shows that the inability to comply with a scheduling order is "due to any mistake, excusable neglect or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order." *Newton v. Dana Corp., Parish Div.*, No. 94-4958, 1995 U.S. Dist. LEXIS 8473, 1995 WL 368172, at *1 (E.D. Pa. June 21, 1995)). In the Third Circuit, the focus of a Rule 16 analysis is the moving party's diligence and not prejudice to the non-moving party. *See, e.g., Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010) ("Rule 16(b)(4) focuses on the moving party's burden to show due diligence").

Here, good cause exists to amend the current effective scheduling order to allow for Mr. Ferguson's reconvened deposition and related follow-up discovery. For one, Plaintiff has acted diligently throughout the discovery process. Plaintiff has taken seven depositions of defense witnesses, produced two witnesses for depositions noticed by Defendant, reviewed more than 500 pages of documents produced by Defendant, and produced to Defendant more than 1,000 pages of documents. All discovery is complete except for that which is the subject of this motion, and the Odyssey deposition that was the subject of Plaintiff's motion for issuance of letters rogatory and related filings. *See, e.g.,* ECF 36, 38, 43.

Prior to defense counsel's March 23, 2022 email, Plaintiff could not have possibly known that Mr. Ferguson's 18+ year tenure with Defendant would be terminated less than three weeks before the current fact discovery cutoff, let alone that he would disavow his September 1, 2021 testimony. Plaintiff has therefore had no previous opportunity to explore the circumstances surrounding his termination, why it prompted him to disavow his September 1, 2021, testimony, or what circumstances have led him to publicly question the ethical nature of his "boss," Defendant's current employee.

Moreover, there is no other source from which Plaintiff can obtain this information, let alone one any less burdensome. Plaintiff will bear the brunt of the expenses associated with reconvening Mr. Ferguson's deposition.[2] Any defense burden resulting from obtaining and producing documents related to Mr. Ferguson's termination and disavowal of his original testimony will be minimal, limited to a search of documents that have only recently come into existence following Mr. Ferguson's termination, and complying with the Federal Rules on issues related to privilege and continuing discovery obligations. Finally, because Mr. Ferguson testified that he was responsible for transmitting at least some of the faxes at issue in this litigation, such topics are relevant to the commonality and typicality of

---

[2] As it currently stands, Plaintiff has scheduled the reconvened deposition to occur in person at a private meeting center near Mr. Ferguson's residence. Plaintiff did so in part because an in-person meeting would presumably simplify the production of documents by Mr. Ferguson. But Plaintiff remains amenable to conducting Mr. Ferguson's reconvened deposition remotely should he prefer and if any documents can be efficiently produced ahead of time.

Plaintiff's claims. They may further be relevant to the merits stage and the appropriate amount of damages to be assessed against Defendant. If he is now disavowing that testimony, was subjected to pressure by his employer, or had come upon new relevant information regarding his employer's practices, it would be unfair to prevent Plaintiff from discovering that information.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court allow it to reopen Mr. Ferguson's deposition, that discovery be left open for that purpose and to allow Plaintiff an opportunity to obtain relevant documents from Defendant and resolve any related discovery or privilege issues, and for any other relief that the Court deems just and proper.

Dated: March 29, 2022

Respectfully submitted,

By: /s/ Jonathan B. Piper

Richard Shenkan (PA 79800)
**Shenkan Injury Lawyers, LLC**
P.O. Box 7255
New Castle, PA 16107
(412)716-5800
rshenkan@shenkanlaw.com

Lawrence F. Stengel
**Saxton & Stump, LLC**
280 Granite Run Dr., Ste. 300
Lancaster, PA 17601
(717)556-1080
lfs@saxtonstump.com

Phillip A. Bock
Jonathan B. Piper
Molly E. Stemper
**Bock Hatch & Oppenheim, LLC**
203 N. LaSalle St. Ste. 2100
Chicago, IL 60602
(312) 658-5500
service@classlawyers.com

*Counsel for Plaintiff and the Putative Class*

1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on March 29, 2022, he caused to be served a true and correct copy of the foregoing on all counsel of record via the Court's ECF system.

By: /s/ Jonathan B. Piper