THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN J. LYNGAAS, D.D.S., P.L.L.C., individually and as the representative of a class of similarly-situated persons,<br><br>Plaintiff,<br><br>v.<br><br>IQVIA INC.,<br><br>Defendant. | Case No. 2:20-cv-02370-NIQA<br><br>**IQVIA INC.'S MOTION FOR PROTECTIVE ORDER BARRING OR LIMITING MR. FERGUSON'S SECOND DEPOSITION AND PRODUCTION OF DOCUMENTS** |

<u>**IQVIA INC.'S MOTION FOR PROTECTIVE ORDER BARRING OR LIMITING MR. FERGUSON'S SECOND DEPOSITION AND PRODUCTION OF DOCUMENTS**</u>

Defendant IQVIA Inc. ("IQVIA"), through the undersigned counsel, submits this Motion for Protective Order Barring or Limiting Mr. Ferguson's Second Deposition and Production of Documents (the "Motion").

**I.   INTRODUCTION**

This Court should deny Plaintiff Brian J. Lyngaas, D.D.S., P.L.L.C.'s ("Plaintiff") Motion to Reopen the Deposition of Defendant's Former Employee (ECF No. 57) ("Motion to Reopen Deposition") in its entirety for the reasons set forth in IQVIA's concurrently-filed Opposition ("Opposition"). IQVIA incorporates by reference all of the facts and legal arguments set forth in its Opposition.

In the alternative only—to the extent this Court is inclined to allow Plaintiff a second deposition of Mr. Ferguson—IQVIA requests that the Court impose the protective order conditions specified below to protect against Mr. Ferguson's potential disclosure of IQVIA's privileged and/or confidential documents and information. In lieu of a second deposition, IQVIA proposes the following process to address any testimony Mr. Ferguson seeks to change from his prior

deposition: (1) Mr. Ferguson will produce to IQVIA a new errata sheet containing any changes he would like to make to any of his original sworn testimony, (2) IQVIA will designate, as appropriate, any content that is confidential pursuant to the parties' stipulated protective order (*see* ECF No. 22), and redact any testimony subject to attorney-client privilege or the work product doctrine, and then (3) IQVIA's counsel will produce Mr. Ferguson's redacted errata to Plaintiff's counsel.

Plaintiff's document requests should be barred unless any "changes" Mr. Ferguson makes to his prior sworn testimony actually warrant any additional document discovery. Plaintiff's request for additional discovery hinges only upon Mr. Ferguson's recent statements regarding his prior deposition testimony. ███████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████ (Declaration of Mark Snyder in Support of IQVIA's Opposition to Motion to Reopen Deposition ("Snyder Decl.") ¶¶ 3-6.) Even if the Court decides that Mr. Ferguson's recent statements may implicate some relief regarding his deposition testimony, the statements do not justify any additional document requests by Plaintiff.[1]

## II. LEGAL STANDARD

A party that seeks a protective order must demonstrate "good cause" for the order, which is "established on a showing that disclosure will work a clearly defined and serious injury to the party seeking [dis]closure." *Haskell v. Cheltenham Twp.*, No. CIV.A. 00-CV-4237, 2002 WL 318330, at *1 (E.D. Pa. Feb. 25, 2002); *see* Fed. R. Civ. P. 26(c).

---

[1] If the Court ultimately allows Mr. Ferguson to produce documents, such documents should only be produced pursuant to a procedure that permits IQVIA the opportunity to review those documents for privilege and confidentiality in advance of any production to Plaintiff.

In the Third Circuit, "the factors to consider before issuing a protective order include: (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public." *Constand v. Cosby*, 232 F.R.D. 486, 488 (E.D. Pa. 2006) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787-91 (3d Cir. 1994)).

### III.   ARGUMENT

#### A.   Good Cause Exists for the Court to Issue a Protective Order Here.

All of the Third Circuit factors favor granting a protective order here.  First, the disclosure of Mr. Ferguson's testimony and the documents sought by Plaintiff are likely to violate IQVIA's interests in protecting its confidential information, particularly as Plaintiff appears to seek testimony and documents relating to the circumstances of ███████████████████ ██████████████████ (ECF No. 57-4 at 8; *see also* Snyder Decl. ¶¶ 3-6.)   While undersigned counsel does not represent Mr. Ferguson, the requested testimony and documents are likely to violate Mr. Ferguson's privacy interests as well.  Furthermore, Mr. Ferguson is privy to attorney-client privileged communications involving IQVIA and its in-house and outside counsel, and possesses documents containing attorney-client privileged information.  The disclosure of his testimony and the documents sought in the subpoena served by Plaintiff (the "Subpoena") is thus also likely to risk divulging IQVIA's attorney-client privileged documents and communications to Plaintiff's counsel.

Second, the information is not sought for a legitimate purpose. Plaintiff has already deposed Mr. Ferguson once about the issues relevant to this action. To the extent that the Subpoena seeks discovery on issues not previously covered, those topics are wholly irrelevant to this case. ███████████████████████████████████████████████ ███ (Snyder Decl. ¶ 3.) ████████████████████████████████████ ███████████████████████████████████████████████ ██████████ (*Id.*)

Third, the third factor likewise weighs in favor of a protective order because of the risk to IQVIA's interests in protecting its confidential and privileged information, as described above. In addition, a protective order is appropriate to protect against the unnecessary disclosure of information regarding Mr. Ferguson's individual employment record and ████████████ ████████

Fourth, the information is not important to public health or safety, and Plaintiff does not contend otherwise.

Fifth, the disclosure of the information does not promote fairness or efficiency. IQVIA has already advised Plaintiff that it does not intend to rely on any of Mr. Ferguson's original sworn testimony in its defense of this case. (Declaration of Tiffany Cheung in Support of Opposition to Motion to Reopen Deposition ("Cheung Decl.") ¶ 4.) As noted in IQVIA's concurrently-filed Opposition, it would be unfair to allow Mr. Ferguson to change or contradict his prior sworn testimony, almost five months after the fact, because he is unhappy about IQVIA's unrelated employment determination. And deposing the same witness twice to retread old ground can hardly be construed as efficient.

Sixth, there are no public entities or officials involved in this case.

Seventh, the case does not involve issues of importance to the public.

Because all of the relevant factors weigh in favor of IQVIA, good cause exists to issue a protective order to protect against Mr. Ferguson's potential disclosure of testimony and documents that violate IQVIA's privilege and confidentiality concerns.

> **B.  If the Court Wishes to Allow Plaintiff To Take Discovery of Mr. Ferguson, It Should Impose Protective Order Conditions to Limit Potential Disclosure of Confidential or Attorney-Client Privileged Testimony and Documents.**

If the Court determines that Mr. Ferguson should be allowed another opportunity to change his prior sworn testimony, IQVIA requests that the Court deny Plaintiff's request for a second deposition and, instead, order Mr. Ferguson to prepare and execute another errata sheet correcting what he believes are the inaccuracies in his prior sworn testimony. IQVIA can review Mr. Ferguson's errata for confidentiality and redact any privileged testimony, and then produce it to Plaintiff's counsel. After review of any "changed" testimony from Mr. Ferguson, the parties should confer about whether any additional document discovery is warranted based on any new testimony. Plaintiff falls far short of justifying its broad document requests for confidential and privileged information unrelated to the issues in this case.

The procedures proposed by IQVIA would allow Plaintiff to obtain the discovery requested while simultaneously protecting against Mr. Ferguson's intentional or inadvertent disclosure of IQVIA's attorney-client privileged communications and confidential information, particularly because, as far as IQVIA is aware, Mr. Ferguson has not retained independent counsel for his deposition. (Cheung Decl. ¶ 6.) *Saldi v. Paul Revere Life Ins. Co.*, 224 F.R.D. 169, 175 (E.D. Pa. 2004) ("Courts are given broad discretion in evaluating the competing interests in discovery disputes so that they have the necessary flexibility to 'justly and properly consider the factors of each case.'") (citation omitted); *Glunk v. Pa. State Bd. of Med.*, No. 1:14-cv-00659, 2016 WL 3220619, at *1 (M.D. Pa. June 10, 2016), *aff'd*, 687 F. App'x 196 (3d Cir. 2017) ("[M]atters of

docket control and conduct of discovery are committed to the sound discretion of the district court") (citing *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982)). In fact, this is the same procedure that the Court employed to mitigate Plaintiff's concerns as to the disclosure of personally identifying information during the expert inspection of Plaintiff's fax machine. (ECF No. 56.) The same rationale is equally applicable to IQVIA's privilege and confidentiality concerns here.[2]

## IV.    CONCLUSION

IQVIA respectfully requests that the Court deny Plaintiff's Motion to Reopen Deposition in its entirety. In the alternative, if the Court permits Mr. Ferguson to change his deposition testimony, IQVIA respectfully requests that the Court issue a protective order pursuant to which Mr. Ferguson will produce a new errata sheet to IQVIA identifying the changes he would like to make to his original sworn testimony; IQVIA will designate, as appropriate, any content that is confidential pursuant to the parties' stipulated protective order (*see* ECF No. 22) and redact any testimony that protected by the attorney-client privilege or the work product doctrine; and then IQVIA's counsel will produce the errata to Plaintiff's counsel.

---

[2] In the event the Court does allow a second deposition of Mr. Ferguson to take place, IQVIA requests that the Court impose a protective order prohibiting Plaintiff's counsel from asking about and Mr. Ferguson from disclosing any attorney-client privileged communications between IQVIA and its in-house or outside counsel.

Dated:  April 12, 2022						By:	*/s/ Tiffany Cheung*
								TIFFANY CHEUNG

TIFFANY CHEUNG (admitted *pro hac vice*)
BONNIE LAU (admitted *pro hac vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Email: TCheung@mofo.com
Email: BLau@mofo.com

JOE NGUYEN (93638)
STRADLEY RONON STEVENS & YOUNG, LLP
2005 Market Street
Suite 2600
Philadelphia, PA 19103
Telephone: (215) 564-8000
Email: JNguyen@stradley.com

EDWARD EBERSPACHER (admitted *pro hac vice*)
MEYER LAW GROUP, LLC
30 North LaSalle Street
Suite 1410
Chicago, IL 60602
Telephone: (312) 265-0565
Email: TEberspacher@meyerlex.com

*Attorneys for Defendant IQVIA Inc.*

## CERTIFICATE OF SERVICE

      I, Tiffany Cheung, hereby certify that on April 12, 2022, the foregoing document was filed electronically with the Clerk of the Court using the ECF system.  This document is available for reviewing and downloading from the ECF system.

Dated:  April 12, 2022        By:    */s/ Tiffany Cheung*
                                                      TIFFANY CHEUNG