IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN J. LYNGAAS, D.D.S., P.L.L.C., individually and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>v.<br><br>IQVIA, INC.,<br><br>Defendant. | Civil Action No. 20-2370<br><br>Hon. Nitza I. Quiñones Alejandro<br><br>CLASS ACTION |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT
OF MOTION TO REOPEN DEPOSITION (ECF 57)
AND RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION
FOR PROTECTIVE ORDER (ECF 64)**

Plaintiff Brian J. Lyngaas, D.D.S., P.L.L.C. ("Plaintiff"), by counsel, submits this reply memorandum in support of its motion to reopen the deposition of Jordan Ferguson (ECF 57) and in opposition to defendant IQVIA, Inc. ("Defendant")'s motion for protective order (ECF 64).

I. **Introduction.**

Plaintiff seeks leave to take a second deposition of Defendant's former employee for two separate but related reasons—(1) because Mr. Ferguson has apparently recanted his earlier testimony in this matter, and (2) because he has made public allegations of potentially unethical conduct by Defendant.

Defendant's opposition to the resumed testimony is based on two premises that are either unproven or simply false.

First, Defendant makes an unsupported claim that a renewed deposition of Mr. Ferguson might intrude on privileged matters. However, Defendant has submitted no evidence to support any claim of privilege, and the evidence it did submit shows otherwise. Defendant has submitted a declaration of its employee Mark Snyder—Mr. Ferguson's former supervisor—that shows that the communications about deposition testimony were between Mr. Ferguson, a non-attorney, and another unidentified non-attorney employee of Defendant. Whether Mr. Snyder was a party to all the communications is unclear, but he is not an attorney, either. Mr. Snyder's declaration does not assert or imply that privileged matters were discussed in the communications.

Second, Defendant wrongly posits that the only basis for re-deposing Mr. Ferguson is to find out how his earlier testimony has changed. However, as laid out in Plaintiff's motion, Plaintiff also seeks to inquire about Mr. Ferguson's March 22, 2022 posting on his public LinkedIn account about potentially unethical conduct at Defendant:



Mr. Snyder confirms in his declaration that he was Mr. Ferguson's boss. ECF 63-3, ¶ 2.

Plaintiff is entitled to take discovery to learn not only why Mr. Ferguson will "not stand by" his deposition testimony, as Defendant's counsel advised Plaintiff's counsel, because of "potential issues related to his deposition testimony in this action," according to Mr. Snyder's declaration, but also to learn what activities Mr. Ferguson undertook for IQVIA and Mr. Snyder that he is now questioning. To that end, Plaintiff should be allowed to reopen Mr. Ferguson's deposition and obtain relevant documents from Defendant.

II. **Argument.**

   A. **The Snyder Declaration does not support Defendant's professed privilege concerns.**

Although Defendant claims that re-deposing Mr. Ferguson would potentially intrude into matters of privilege or attorney work product, Defendant has submitted no evidence to support that claim. To the extent Defendant is asserting privilege claims, it is Defendant's burden to establish the predicate for its claims. *In re Flonase Antitrust Litig.,* 723 F. Supp. 2d 761, 764 (E. D. Pa. 2010).

The only evidence Defendant relies on is a declaration of Mark Snyder, Mr. Ferguson's former boss (ECF 63-3 (filed under seal)). However, Mr. Snyder's declaration does not establish that any privileged communications took place. Mr. Snyder only describes communications between himself, Mr. Ferguson, and another unnamed employee of Defendant, who is not asserted to have been a lawyer. ECF 63-3, ¶¶ 4-5. ██████████████████████████████████████ Mr. Snyder does not claim that any privileged matters were discussed in any of those communications with Mr. Ferguson, or that any attorney was involved. Accordingly,

3

Defendant has not established any basis for privilege concerns as to Mr. Ferguson's termination or communications with Mr. Snyder.

Mr. Snyder's declaration is also vague as to the timing of the alleged communications. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Yet it was not until over a month later on the evening of March 23, 2022, that Defendant brought this to the attention of Plaintiff. ECF 57-3 at p. 6 of 21. That was late in the day after Mr. Ferguson had posted his LinkedIn status. In light of Mr. Snyder's new information about the timing of Mr. Ferguson's prior communications, it is now quite evident that Defendant would never have advised Plaintiff of Mr. Ferguson's departure or his statements about his testimony *except for* his going public by posting questions on social media.

Finally, to the extent that Defendant is concerned about potential privilege allegations with respect to Mr. Ferguson's earlier communications with Defendant's counsel in connection with his deposition testimony, that is now fair game. A party is entitled to examine a witness as to whether they were "coached" about their testimony. *In re Flonase Antitrust Litig.,* 723 F. Supp. 2d at 765-66, citing *Geders v. United States,* 425 U.S. 80, 89 (1976). Given Mr. Ferguson's apparent distancing himself from his prior testimony, and his assertions about unethical conduct by his boss, Plaintiff is entitled to inquire whether he was coached to give testimony in this action that was other than the truth, the whole truth, and nothing but the truth.

B.     **Plaintiff is entitled to question Mr. Ferguson about his LinkedIn post.**

Wholly apart from Mr. Ferguson's apparent recantation of his deposition testimony, Plaintiff is entitled to question Mr. Ferguson about his March 22, 2022 LinkedIn post: "What do you do when you['re] questioning if what you did for you[r] boss was ethical." ECF , 57-3 p. 3 of 21 at ¶¶ 4-5. Defendant's submissions wholly ignore Mr. Ferguson's LinkedIn post and thus do not provide any reason not to reopen the deposition on that issue.

C.     **The normal procedural safeguards are sufficient to protect Defendant's interests, and Defendant's burdensome "errata sheet" method would simply frustrate discovery of the truth.**

Defendant proposes in its motion for protective order that the Court should compel Mr. Ferguson, who is not an attorney and is no longer Defendant's employee, to review his entire deposition transcript and submit new errata sheets showing how he now would change his testimony. ECF 64. That is a cumbersome and questionable process, and inadequate to allow Plaintiff the information it seeks.

Having Mr. Ferguson submit new errata sheets is an inadequate starting point because it ignores his LinkedIn post about questionable ethical conduct, and because it does not address the question of *why* Mr. Ferguson is changing his testimony or not standing by it. Under these circumstances, Plaintiff should be allowed to explore those questions, and simply having Mr. Ferguson submit new errata sheets would not only be a burden on him, but will also be insufficient to explore the topics.

It is unclear legally what the effect of new errata sheets would be. *EBC, Inc. v. Clark Bldg. Sys.,* 618 F.3d 253 (3d Cir. 2010) (affirming district court's suppression of errata sheets that materially changed testimony); *Agrizap, Inc. v. Woodstream*

5

*Corp.,* 232 F.R.D. 491 n. 1 (collecting cases on whether or not errata sheet may be used to change testimony substantively). However, such changes would not be a substitute for a chance to examine Mr. Ferguson about why he is changing or recanting the testimony, whether he was coached to give false or misleading testimony, and what the implications of his new testimony are. The errata sheet method also would not address his LinkedIn allegations of unethical conduct.

The normal procedural safeguards are sufficient to protect Defendant's purported privilege concerns. First, as is the norm, Defendants can withhold privileged documents from their document production and provide a log of what has been withheld. Any disputes about privilege can be resolved, and frame how privilege is dealt with at deposition. Second, when Mr. Ferguson is re-deposed, care will be taken to establish the framework of any communications where Defendant asserts privilege. If Defendant asserts privilege, a foundation can be laid as to the parties to the communication, when it took place, and the general subject matter of the communication, without disclosing the privileged substance. Any remaining dispute can then be presented to the Court for resolution.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court grant its motion to reopen Mr. Ferguson's deposition and deny Defendant's motion for a protective order.

Dated: April 13, 2022　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　By:  /s/ Jonathan B. Piper

Richard Shenkan (PA 79800)　　　　　　Phillip A. Bock
**Shenkan Injury Lawyers, LLC**　　　　　Jonathan B. Piper
P.O. Box 7255　　　　　　　　　　　　　Molly E. Stemper
New Castle, PA 16107　　　　　　　　　**Bock Hatch & Oppenheim, LLC**
(412)716-5800　　　　　　　　　　　　　203 N. LaSalle St. Ste. 2100
rshenkan@shenkanlaw.com　　　　　　　Chicago, IL 60602
　　　　　　　　　　　　　　　　　　　　(312) 658-5500
Lawrence F. Stengel　　　　　　　　　　service@classlawyers.com
**Saxton & Stump, LLC**
280 Granite Run Dr., Ste. 300
Lancaster, PA 17601
(717)556-1080
lfs@saxtonstump.com

*Counsel for Plaintiff and the Putative Class*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on April 13, 2022, he caused to be served a true and correct copy of the foregoing on all counsel of record via the Court's ECF system.

　　　　　　　　　　　　　　　　　　　　By: /s/ Jonathan B. Piper