# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN J. LYNGAAS, D.D.S.,** | : | **CIVIL ACTION** |
| **P.L.L.C., individually and behalf of** | : | |
| **all others similarly situated.,** | : | |
| *Plaintiffs,* | : | |
| | : | **NO. 20-2370** |
| **v.** | : | |
| **IQVIA, INC.,** | : | |
| *Defendant.* | : | |

NITZA I. QUIÑONES ALEJANDRO                    DECEMBER 12, 2025

## MEMORANDUM OPINION

Before this Court are the supplemental briefs, (ECF 188, 190, 191), addressing the impact, if any, of the unpublished United States Court of Appeals for the Third Circuit (the "Third Circuit") decision in the matter of *Steven A. Conner DPM, P.C. v. Fox Rehab. Servs., P.C.*, No. 23-1550, 2025 WL 289230, at *1 (3d Cir. Jan. 24, 2025), on this Court's Memorandum Opinion and Order dated July 9, 2025, (ECF 162, 163), which denied class certification in this case.

Briefly, the relevant procedural history of this matter is as follows: Plaintiff filed this class action against Defendant IQVIA, Inc., for violation of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227(b)(1)(C), asserting that IQVIA sent to Plaintiff and other purportedly similarly situated healthcare provider class members unsolicited fax advertisements without prior express invitation or permission. (ECF 1). Based on Plaintiff's assertions, on February 15, 2023, Plaintiff moved to certify the purported class defined as:

> All persons: (1) who were sent one or more facsimiles between September 29, 2016 and August 28, 2018, inviting them to participate in Impact Network's "National Healthcare Census" in exchange for monetary payment; (2) who did not participate in and had never participated in the "National Healthcare Census" survey; and (3) as to whom Defendant has not produced evidence showing SK&A verified the person's fax number.

(ECF 118 at p. 20); (*see also* ECF 162 at p.4).

On February 28, 2024, this Court held a hearing to determine whether to certify the purported class. (*See* Minute entry, ECF 157). To satisfy the Federal Rule of Civil Procedure ("Rule") 23(a) requirements: (1) the class must be "so numerous that joinder of all members is impracticable" (numerosity); (2) there must be "questions of law or fact common to the class" (commonality); (3) "the claims or defenses of the representative parties' must be 'typical of the claims or defenses of the class" (typicality); and (4) the named plaintiffs must "fairly and adequately protect the interests of the class" (adequacy of representation, or simply adequacy). *Marcus v. BMW of N. Am.*, 687 F.3d 583, 590-91 (3d Cir. 2012) (citations omitted). "[A]s an essential prerequisite to class certification, [a] plaintiff must show by a preponderance of the evidence that the class is ascertainable." *Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349, 354 (3d Cir. 2013) (internal quotation marks and citations omitted); *see also Byrd v. Aaron's Inc.*, 784 F.3d 154, 165 (3d Cir. 2015) (explaining that the ascertainability "inquiry . . . is independent from the other requirements of Rule 23"). The ascertainability requirement is a "threshold issue" and serves several objectives, including "insisting on the easy identification of class members" and "protect[ing] defendants by ensuring that those persons who will be bound by the final judgment are clearly identifiable." *Marcus*, 687 F.3d at 593; *see also Stewart v. Beam Glob. Spirits & Wine, Inc.*, Civil No. 11-5149 (NLH/KMW), 2014 WL 2920806, at *14 (D.N.J. June 27, 2014). Thus, "[a]scertainability mandates a rigorous approach at the outset because of the key roles it plays as part of a Rule 23(b)(3) class action lawsuit." *Carrera v. Bayer Corp.*, 727 F.3d 300, 307 (3d Cir. 2013).

Following the hearing, the parties were ordered to submit post-hearing supplemental briefing. Upon receipt of post-hearing submissions from the parties, by Memorandum Opinion and Order dated July 9, 2024, this Court, after undertaking "a rigorous analysis of the evidence to

determine if the [ascertainability] standard is met," *Carrera*, 727 F.3d at 306, denied class certification, finding, *inter alia*, that Plaintiff's methodology for ascertaining the class members was not administratively feasible or reliable. (ECF 162, 163). Specifically, this Court found that Plaintiff's expert's opinion lacked persuasion and credibility. (ECF 162 at p. 7). This Court also found that Plaintiff failed to establish the reliability of the Odyssey's Job Reports. (*Id.* at p. 9).

On July 23, 2024, Plaintiff filed a petition for permission to appeal with the Third Circuit. (*See* ECF 169); *see also* Third Circuit docket entry 1 in *Brian Lyngaas, D.D.S. P.L.LC. v. Iqvia, Inc.*, Case No. 24-8028 (3d Cir. Oct. 4, 2024). The Third Circuit summarily denied Plaintiff's appeal on October 4, 2024, indicating only that "[t]he petition for permission to appeal pursuant to Fed. R. Civ. P. 23(f) is denied." *See Brian Lyngaas, D.D.S. P.L.LC. v. Iqvia, Inc.*, Case No. 24-8028 (3d Cir. Oct. 4, 2024).

On January 24, 2025, in an unpublished decision, the Third Circuit decided the *Conner* appeal, which, in many ways, mirrored this case – *i.e.*, it involved the standard for ascertaining class certification under the TCPA. *Steven A. Conner, DPM, P.C. v. Fox Rehab. Servs., P.C.*, No. 23-1550, 2025 WL 289230, at *1 (3d Cir. Jan. 24, 2025). As noted, the purported class in this matter consists of "all persons: (1) who were sent one or more facsimiles . . ." The unpublished *Conner* decision held, in part, that, under the TCPA, "whether the individual in fact received the faxes is irrelevant, at least for purposes of ascertainability." *Conner*, 2025 WL 289230, at *12.

To determine whether the Third Circuit's holding in *Conner* had any impact on this Court's denial of class certification in this matter, on February 11, 2025, this Court ordered the parties to "file supplemental briefs regarding the applicability, if any, of the [Third Circuit's decision in *Conner*]." (ECF 187). The parties submitted briefs on February 28, 2025. (ECF 188, 190, 191).[1]

---

[1] In total three submissions were filed — Defendant submitted a copy with redactions and an unredacted copy under seal.

This Court has considered those briefs and, for the reasons set forth in its original decision (herein incorporated by reference) and briefly detailed below, this Court finds no basis or reason to alter or modify its July 9, 2024 Order denying class certification.

As noted, *Conner* is not precedential and is an unpublished opinion. "Under this court's Internal Operating Procedures ("IOPs"), [Not Precedential Opinions or] NPOs 'are not regarded as precedents that bind the court because they do not circulate to the full court before filing. *A fortiori,* they are not precedents for the district courts of this circuit." *In re Grand Jury Investigation*, 445 F.3d 266, 276 (3d Cir. 2006) (citing 3d Cir. IOP 5.7 (July 1, 2002)). Based on this reason, this Court finds that the *Conner* holding has no effect on this Court's July 9, 2024 opinion that Plaintiff failed to meet the Rule 23 ascertainability requirement to establish a class under the TCPA.[2]

Nonetheless, the Third Circuit in *Conner* supports this Court's denial of class certification. The *Conner* Court reiterated that class certification is proper only when the "the four requirements of Rule 23(a) and the requirements of either Rule 23(b)(1), (2), or (3)" are satisfied, as well as the prerequisite that the class be ascertainable. *Conner*, 2025 WL 289230 at *12. To satisfy the ascertainability requirement, the *Conner* Court indicated that the plaintiff must "show that: (1) the class is 'defined with reference to objective criteria'; and (2) there is 'a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition.'" *Id.* (footnote omitted). "'Administrative feasibility means that identifying class members is a manageable process that does not require much, if any, individual factual inquiry.' It requires that the plaintiff's proposed class be 'currently and readily ascertainable'. *Id.*

---

[2]   Notably, the Third Circuit had an opportunity to review Plaintiff's appeal of this Court's July 9, 2024 opinion, (ECF 162, 163), and dismissed the appeal, *see Brian Lyngaas, D.D.S. P.L.L.C. v. Iqvia, Inc.*, Case No. 24-8028 (3d Cir. Oct. 4, 2024).

(footnotes omitted).  This Court found Plaintiff's expert's testimony as to ascertainability spurious at best, (*see* ECF 162 at p. 8), explaining that "[Plaintiff's expert] testimony creates serious doubts with respect to the [report] and who the actual class members are."  As noted, this Court found that Plaintiff also fell short in establishing the reliability of the Odyssey's Job Reports.  (*See* ECF 162 at pp. 8-9).  Specifically, Odyssey's Chief Executive Officer, Ron Lokaisingh's deposition testimony attested that due to ransomware attack, he "would not be able to verify any of [the Job] Reports" issued prior to September 21, 2018, and would not "know whether or not those reports reliably reflect successful transmissions of faxes."  (*Id.* at pp. 9-10).

As such, having considered the parties' supplemental briefing and the *Conner* opinion, this Court finds that even considering the Third Circuit's unpublished *Conner* decision, said decision does not impact or change this Court's reasoning for denying Plaintiff's request for class certification in this matter.  Consequently, the ruling on Plaintiff's request for class certification remains as issued —. Denied.

*NITZA I. QUIÑONES ALEJANDRO*, J.